[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-13514
Non-Argument Calendar

————————————————

Agency No. 14-0497

PEACOCK TIMBER COMPANY, INC.,

Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

Respondent.

————————————————

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission

————————————————

(May 16, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

An Occupational Safety and Health Administration (OSHA) inspector

visited Peacock Timber Company's workplace with an order to investigate a

former employee's complaint about unsafe work conditions there.  The allegations in the complaint proved to be unfounded, but, during her visit, the OSHA inspector noticed violations of other federal workplace safety regulations.  After a second inspector investigated further, OSHA cited Peacock for the violations the inspectors discovered.  Peacock challenged the citations in an administrative proceeding, but an administrative law judge (ALJ) affirmed the bulk of them and ordered Peacock to pay $3,000 in penalties.  Peacock appeals that decision, raising most of the arguments the ALJ rejected.  We reject them, too, for many of the same reasons given by the ALJ.

Peacock's first argument is that the OSHA inspectors violated the Fourth Amendment because they were never authorized to search the facility for violations other than those alleged in the former employee's complaint.  The ALJ found, however, that Peacock's executives consented to the inspectors' searches, recognizing the possibility that the inspectors might observe violations beyond those alleged in the complaint.  A person's valid consent to a search makes the search reasonable (and lawful) under the Fourth Amendment.  See Fernandez v. California, 571 U.S. ___, 134 S. Ct. 1126, 1137 (2014).  Having consented to the searches that took place, Peacock cannot now complain about what those searches turned up.

Peacock calls our attention to In re Inspection of Crider Poultry, No. MC610–001, 2010 WL 1524571 (S.D. Ga. Mar. 30, 2010), but that unpublished district court decision does not help it.  Quite the opposite, the magistrate judge in that case acknowledged that consent to a broad inspection effectively negated the search limitations prescribed in OSHA's search warrant.  Id. at *5.  That is exactly what the ALJ found happened in this case and we agree with that assessment.

Peacock's next contention is that the OSHA inspectors should have notified its executives of their Miranda rights before the inspectors began looking around the workplace.  But Miranda only applies to custodial interrogations, see J.D.B. v. North Carolina, 564 U.S. 261, 270, 131 S. Ct. 2394, 2402 (2011), and nobody at Peacock was in custody during the investigators' searches.

Peacock points out that it is a small business and that it is difficult to keep up with and comply with all of OSHA's regulations.  It also notes that it has an exemplary safety record.  For better or for worse, though, there is no small business exception to the regulations at issue in this appeal, nor is there an exception for businesses that have good safety records.  It also does not matter that Peacock had its own policies and practices in place to deal with some of the potential problems addressed by the OSHA regulations it was cited for violating. Peacock might think OSHA's regulations are unwise, unnecessary, or unduly burdensome, but that is no excuse for failing to comply with them.

3

Peacock repeatedly contends that it could not have reasonably known about some of the violations. But the ALJ found otherwise and, because her findings were supported by substantial evidence, we may not depart from them. See D & S Grading Co. v. Sec'y of Labor, 899 F.2d 1145, 1147 (11th Cir. 1990).

Peacock makes a few other arguments, all of which are addressed in the ALJ's decision. Those arguments are meritless and do not warrant further discussion.

The petition is **DENIED.**

4